UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TERESA LOPEZ ESPIRITU, GRACIELA
LOPEZ, and ADRIAN QUITUIZACA,

                Plaintiffs,

-against-

GARY D. HARTMAN, JR., and EXPRESS
TRAILERS, INC.,

                Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
16-CV-04623 (CBA) (SJB)

**AMON, United States District Judge:**

This case arises from a car crash in December of 2015, in which Defendants' truck allegedly hit Plaintiffs' occupied parked car. (ECF Docket Entry ("D.E.") # 25 ("Amended Complaint").) Defendants appeal Magistrate Judge Bulsara's order striking two of Defendants' experts and his subsequent denial of their motion for reconsideration of that order. (D.E. # 69, 74, 75.) The Court considers Defendants' appeal as a motion to set aside Magistrate Judge Bulsara's order striking the experts. For the reasons stated below, their appeal is DENIED.

## BACKGROUND

This particular saga began on October 1, 2019, when the parties submitted a joint letter-motion to adjourn the pre-trial conference and extend time to complete expert discovery. (D.E. # 66.) All discovery had closed on February 25, 2019. (D.E. dated 2/25/2019.) In their joint letter-motion, the parties represented that the discovery extension was required because of scheduling difficulties related to an expert witness, Stephen Rickard, who had been included in the original Joint Pretrial Order. (D.E. # 66.) Specifically, they wrote:

> The parties had attempted to complete expert discovery earlier this month, but due to scheduling conflicts, the summer months, and the upcoming holidays, the deposition of the defendant's [sic] expert witness has now been confirmed for October 29, 2019. Upon completion of the remaining expert discovery, the same will be

1

> included in an amended pretrial order, that the parties will file a week prior to the next conference.

(Id.) Although a less than compelling application, the motion was granted on consent. (D.E. dated 10/1/2019.) The time to complete expert discovery was extended to November 1, as the parties had requested, and the pre-trial conference was rescheduled. (Id.)

On October 28, Plaintiffs filed a letter informing the Court that the prior Friday, October 25, they had received what they called "an untimely expert exchange" from Defendants' counsel. (D.E. # 67.) Specifically, Plaintiffs complained that Defendants served voluminous reports for two additional experts, Dr. Michael Woodhouse and Dr. Sebastian Bawab, for the first time on October 25, 2019, despite the reports being dated August 2018. (D.E. # 67.) Plaintiffs requested that these two experts be stricken, or in the alternative they requested a further extension of time to complete expert discovery to depose those two experts and to delay the deposition of Rickard until they could review the reports of Bawab and Woodhouse. (Id.) Magistrate Judge Bulsara ordered Defendants to reply to Plaintiffs' letter. (D.E. dated 10/28/2019.) Defendants wrote that while they believed the prior defense counsel had already turned over Bawab and Woodhouse's expert reports, the exchanges would be timely even if only exchanged on October 25 in light of the Court's extension of time to complete expert discovery. (D.E. # 68.) They also wrote that they believed the request to strike these experts should have been made in a motion in limine. (Id.)

Magistrate Judge Bulsara[1] issued an order on October 30, striking the Bawab and Woodhouse exchanges. (D.E. # 69.) In response to Defendants' argument that the motion should

---

[1] Defendants, in their letter-brief in support of setting aside Magistrate Judge Bulsara's discovery order, apparently take issue with the fact that Magistrate Judge Bulsara rather than this Court addressed the discovery dispute "[a]lthough the [October 28] letter was addressed and submitted to Your Honor." (D.E. # 76 at 1.) Defendants had been conducting discovery overseen by Magistrate Judge Bulsara, and Magistrate Judge Kuo before that, for years by this point, and they were presumably well aware that discovery matters are handled by magistrate judges in this District. This Court had initially extended the deadline to complete the expert deposition—on consent of the parties and for the specific purpose stated by the parties—because it was related to the schedule for this Court's pre-trial conference. When expert discovery once again became a disputed matter with Plaintiffs' October 28 letter, the

2

have been a motion in limine, Magistrate Judge Bulsara found that a motion to strike was proper because "the relief was based not on the merits of the Woodhouse and Bawab report, but on the failure to abide by the deadlines in the Court's case management order." (Id. at 1.) In response to Defendants' argument that the deadline for expert discovery had been extended, Magistrate Judge Bulsara found that the extension of time had been granted for the limited purpose of completing the deposition of Rickard. (Id. at 2.) "The extension of time granted on Oct. 1, 2019 was to complete the limited expert discovery, *i.e.* depositions, necessary to complete the Joint Pretrial Order—not for new expert disclosures. This is evident in the parties' joint motion seeking the extension, which makes no mention of new experts." (Id.) Magistrate Judge Bulsara struck Bawab and Woodhouse as experts and granted the parties an extension to November 8 to depose Rickard. (Id.)

The following day, on October 31, Defendants filed a "Notice of Appeal to District Court Judge" on the docket, stating that they hereby appealed Magistrate Judge Bulsara's October 30 order. (D.E. # 70.) The Notice was unaccompanied by any supporting papers. (Id.)

On November 5, Defendants filed a motion for reconsideration of Magistrate Judge Bulsara's October 30 order. (D.E. # 71.) They offered legal arguments and background information that they had not previously provided. (Compare D.E. # 71, with D.E. # 68.) Defendants contradicted their earlier statement to the Court, which had stated that they believed "**the prior day-to-day handling counsel provided these expert reports to plaintiff's counsel previously**," (D.E. # 68 at 1 (emphasis added)), and now in their motion for reconsideration explained that in fact prior counsel "never provided current counsel with these reports when our office took over the file in full back in April of 2019, **and [prior counsel] had never otherwise**

---

resolution of that dispute became a matter for Magistrate Judge Bulsara, who is far more familiar with the intricacies of discovery in this case than this Court.

3

**disclosed these two experts**," (D.E. # 71 at 3 (emphasis added)). Defendants' counsel now stated that "[w]hen the case was transferred to our office to handle in full, prior counsel did not provide any information about these expert witnesses and our firm was not aware of their existence," and that current defense counsel only became aware of Bawab and Woodhouse on October 15, 2019. (Id.) They argued that these circumstances constituted a good faith basis for failing to disclose the reports earlier. (Id.) They also pointed to factors from a previously unmentioned Second Circuit case, Softel, Inc. v. Dragon Medical & Scientific Communications, Inc., 118 F.3d 955 (2d Cir. 1997), and argued that the testimony from Bawab and Woodhouse is too important to be stricken, in particular because there would be no prejudice to Plaintiffs as there would still be time for Plaintiffs to conduct depositions and get rebuttal experts. (D.E. # 71 at 4.)

On November 7, Plaintiffs wrote a letter to Magistrate Judge Bulsara regarding further scheduling difficulties about Rickard's deposition. (D.E. # 72.) Plaintiffs complained that defense counsel was unresponsive or unwilling to schedule Rickard's deposition and that calls and emails to Rickard's office were going unanswered. (Id. at 2.) Plaintiffs requested that Magistrate Judge Bulsara also strike Rickard because of the failure of defense counsel to produce him for a deposition. (Id.) This letter did not address the arguments in Defendants' motion for reconsideration. (Id.)

On November 8, Magistrate Judge Bulsara denied Defendants' motion for reconsideration of the order striking Bawab and Woodhouse, (D.E. # 74), and set a new deadline of November 22 for the parties to complete the deposition of Rickard, (D.E. dated 11/8/2019). In denying the motion for reconsideration, Magistrate Judge Bulsara noted that the standard for granting such a motion is strict, and that Defendants sought to re-litigate his decision rather than pointing to controlling decisions or data that the court had overlooked in issuing its first order. (D.E. # 74 at

4

1.) Magistrate Judge Bulsara also noted the impropriety of setting forth new facts and legal arguments to the court on a motion for reconsideration. (Id. at 2.) Additionally, Magistrate Judge Bulsara found meritless the contention that an April 2019 change of counsel should excuse new defense counsel's disclosure of experts at the end of October 2019. (Id.) He noted that a change in counsel does not excuse lack of diligence, and even if defense counsel really had not known about Bawab and Woodhouse until October 15, defense counsel should have raised the issue with the parties and alerted the Court to the unexpected problem rather than simply serving Plaintiffs with new expert exchanges at such a late juncture as if everything were proceeding normally. (Id. at 3.)

The instant appeal followed. (D.E. # 75.) The parties have since submitted letter-briefing in support, (D.E. # 76), and in opposition, (D.E. # 77).

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 72(a), a district judge must set aside a portion of a magistrate judge's order concerning a non-dispositive matter if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also, e.g., 287 Franklin Ave. Residents' Ass'n v. Meisels, No. 11-CV-976(KAM)(JO), 2013 WL 12403049, at *1–*2 (E.D.N.Y. Nov. 5, 2013) (affirming magistrate judge's discovery rulings and denial of reconsideration of those rulings as not clearly erroneous or contrary to law), aff'd sub nom. Sasmor v. Meisels, 708 F. App'x 728 (2d Cir. 2017). An order is clearly erroneous if "'on the entire evidence' the Court is 'left with the definite and firm conviction that a mistake has been committed.'" Mental Disability Law Clinic v. Hogan, 739 F. Supp. 2d 201, 203 (E.D.N.Y. 2010) (quoting Easley v. Cromartie, 532 U.S. 234, 235 (2001)). An order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." Weiss v. La Suisse, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001) (internal

5

quotation marks omitted). Under the "highly deferential standard" governing Rule 72(a), "magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." Williams v. Rosenblatt Sec., Inc., 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) (internal quotation marks omitted).

In reviewing the magistrate's ruling, "[c]ourts generally do not entertain new legal arguments not presented to the magistrate judge." Anderson v. Pheonix Beverage Inc., No. 12-CV-1055 DLI RML, 2015 WL 737102, at *3 (E.D.N.Y. Feb. 20, 2015) (collecting cases). Courts are similarly confined to the factual record presented to the magistrate judge when reviewing a magistrate's non-dispositive rulings to determine whether they were clearly erroneous or contrary to law. Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) ("Rule 72(a) precludes the district court from considering factual evidence that was not presented to the magistrate judge."); see also NIKE, Inc. v. Wu, 349 F. Supp. 3d 346, 353 (S.D.N.Y. 2018) (citing Thai Lao Lignite for same). Moreover, a court sitting in appellate review of a denial of reconsideration generally "will not consider an argument on appeal that was raised for the first time below in a motion for reconsideration." Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 159 (2d Cir. 2003) (citing Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Stroh Cos., Inc., 265 F.3d 97, 115–16 (2d Cir. 2001)) (reviewing a district judge's denial of reconsideration below).

As to the standard of review Magistrate Judge Bulsara was to apply to the motion for reconsideration, "[i]t is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (internal quotation marks omitted) (quoting Sequa Corp.

6

v. GBJ Corp., 156 F.3d 136, 144 (2d Cir.1998)). "Rather, the standard for granting [a Rule 59 motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Id. (alteration in original) (internal quotation marks omitted) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995)).

## DISCUSSION

### I. Magistrate Judge Bulsara's Rulings

Magistrate Judge Bulsara's orders striking the expert reports and denying the request for reconsideration were neither clearly erroneous nor contrary to existing law. Defendants have untimely raised a number of new arguments to Magistrate Judge Bulsara on reconsideration and to this Court on appeal, attempting to move the target whenever their earlier arguments fail to secure the desired result. But as the case law cited above makes plain, these new arguments are not properly considered in evaluating whether the initial ruling or denial of reconsideration were clearly erroneous or contrary to law pursuant to FRCP 72(a).

#### A. Ruling Striking Bawab and Woodhouse (D.E. # 69)

Magistrate Judge Bulsara's ruling on October 30, 2019, striking experts Bawab and Woodhouse was neither clearly erroneous nor contrary to law.

The Bawab and Woodhouse reports were disclosed to Plaintiffs' counsel for the first time on October 25, 2019, (D.E. # 67)—months after discovery in this case closed on February 25, 2019, (D.E. dated 2/25/2019). Discovery was extended for the limited purpose of taking Rickard's deposition, and the parties apparently understood that limited scope as recently as September 30, 2019. In a joint letter to the Court seeking that extension of discovery they wrote: "The parties had attempted to complete expert discovery earlier this month, but due to scheduling conflicts, the

summer months, and upcoming holidays, the deposition of the defendant's [sic] expert witness has now been confirmed for October 29, 2019. Upon completion of the remaining expert discovery, the same will be included in an amended pretrial order, that the parties will file a week prior to the next conference." (D.E. # 66.) This description indicated that Defendants had but one expert witness as of September 30, 2019, and that his deposition was the only item remaining before expert discovery would be complete.

Despite the unambiguous status of discovery in this case, Defendants provided the Bawab and Woodhouse reports for the first time on October 25. (D.E. # 67.) Plaintiffs moved to strike them on October 28. (Id.) Defendants, upon being ordered to respond, unresponsively argued that Rickard's expert report had been timely disclosed, attached documents relating to the exchange date of Rickard's expert materials, and argued that even if Rickard's report had only been disclosed on October 29, 2019, it would nonetheless have been timely. (D.E. # 68.) As to Bawab and Woodhouse, Defendants indicated that they believed prior defense counsel turned the Bawab and Woodhouse reports over long ago, but that even if counsel had not, those reports should be considered timely in light of the order in which this Court extended the time to complete expert discovery until November 1. (Id.)

It had been apparent to all parties as recently as September 30 that the extension to complete expert discovery was for the limited purpose of taking Rickard's deposition. Magistrate Judge Bulsara correctly concluded that Defendants' attempted abuse of that extension to slip new expert reports in under the wire as if in the regular course of business should not be sanctioned, and he struck the reports.

Defendants also argued that the letter to the court was "an improper vehicle to move for striking of any expert disclosure, as the same should be made via a motion in limine." (D.E. # 68.)

8

However, Magistrate Judge Bulsara correctly noted that a motion to strike was proper because the relief sought "was based not on the merits of the Woodhouse and Bawab reports, but on the failure to abide by the deadlines in the Court's case management order." (D.E. # 69.)

### B. Ruling Denying Reconsideration (D.E. # 74)

Magistrate Judge Bulsara's ruling on November 8, 2019, denying reconsideration of his October 30 ruling was similarly neither clearly erroneous nor contrary to law.

Faced with Magistrate Judge Bulsara's order striking Bawab and Woodhouse, Defendants' counsel improperly and untimely lodged new and different arguments for the court's consideration. Defendants argued that because prior counsel had not informed current counsel about these experts when the case was transferred to current counsel in April of 2019, their late disclosure of the experts in October 2019 should be excused. As Magistrate Judge Bulsara noted in his denial of reconsideration, change of counsel does not excuse lack of diligence that results in new counsel being unaware of evidence in the case. (D.E. # 74 at 2.) Moreover, the information and legal arguments lodged for the first time in Defendants' motion for reconsideration, (D.E. # 71), were presumably available a week earlier when they filed their response to Plaintiffs' motion to strike, (D.E. 68), and should have been made at that juncture. As Magistrate Judge Bulsara noted, a motion for reconsideration is not the time to "advance new facts, issues or arguments not previously presented to the Court." Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp., 948 F.2d 111, 115 (2d Cir. 1991) (quoting Schonberger v. Serchuk, 742 F. Supp. 108, 109 (S.D.N.Y. 1990)).

Having not been pointed to "controlling decisions or data that the court overlooked" that might cause the court to reconsider its prior ruling despite the "strict" standard for granting a motion for reconsideration, Azubuko v. Boston's Police Officer, No. 11695, No. 08-CV-

00328(DLI)(LB), 2008 WL 2574339, at *1 (E.D.N.Y. June 26, 2008) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)), Magistrate Judge Bulsara properly denied the motion for reconsideration.

## II. Alternative Analysis of Unpreserved Issues on Appeal

Even were it appropriate to consider Defendants' various untimely procedural and substantive arguments, the Court finds them meritless.

### A. Procedural Arguments

First, Defendants argue that the initial letter in which Plaintiffs requested Bawab and Woodhouse be stricken was "procedurally defective and should not be considered a valid motion" on three bases: (1) that it did not comply with this Court's or Magistrate Judge Bulsara's Individual Rules, (2) that the letter was not a proper motion because it was styled as a letter, and (3) that the letter was docketed on ECF via the letter function, not the motion function. (D.E. # 76 at 3.)

The time for Defendants to argue about the original letter being non-compliant with Individual Rules was in their initial response to it. In that first letter, Defendants argued that "Plaintiff's letter to the court is an improper vehicle to move for striking of any expert disclosure, as the same should be made via a motion in limine, not a letter motion that fails to cite any applicable law, rules, or statutes." (Id. at 2.) However, they made no argument at that time resembling the one they make now: that Plaintiffs' letter was improper pursuant to Magistrate Judge Bulsara's and this Court's Individual Rules. (D.E. # 76 at 3.) It is perplexing that Defendants only now, on appeal and after not raising the issue at first impression or even on reconsideration, choose to complain about a matter well within Magistrate Judge Bulsara's procedural discretion—enforcing compliance with his Individual Rules.

10

Second, Defendants argue that the letter "was not a motion and instantly should have been rejected/denied." (D.E. # 76 at 3.) That argument is entirely meritless as it contradicts Defendants' demonstrated understanding at the time. Defendants, in their initial response, described the letter as "a letter motion" and argued that Magistrate Judge Bulsara should "deny Plaintiff's [sic] request to strike." (D.E. # 68 at 2.) Defendants cannot now claim ignorance to the letter's function as a motion to strike.

Third, Defendants argue that the letter was procedurally defective because it was filed on ECF via the "letter" function, not as a "motion." (D.E. # 76 at 3.) Given that Defendants understood the letter to be a letter-motion when responding to it and therefore cannot have experienced prejudice from the ostensible technical error, Magistrate Judge Bulsara's decision to accept the letter and rule on it as a letter-motion was neither clearly erroneous nor contrary to existing law.

Defendants also appear to argue that Plaintiffs' letter cannot have been a motion because "Plaintiffs [sic] October 28, 2019 letter failed to cite any relevant Federal Rules of Civil Procedure, statutes, and/or case law to support their request to strike." (D.E. # 76 at 2.) The Court only notes that Defendants similarly failed to cite any relevant Federal Rules of Civil Procedure, statutes, and/or case law in their opposition to the complained-of request to strike. (D.E. # 69.) Of particular note is their failure to cite any relevant Federal Rules of Civil Procedure, statutes, and/or case law in support of their argument that the initial letter-motion "should [have been] made via a motion in limine, not a letter motion that fails to cite any applicable law, rules, or statutes." (Id.)

### B. Substantive Arguments

Rule 37 of the Federal Rules of Civil Procedure provides that where "a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information .

11

. . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Softel, Inc. v. Dragon Medical & Scientific Communications., Inc., sets forth four factors that are considered when determining whether to preclude testimony based on failure to comply with a discovery deadline: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." 118 F.3d at 961. (The relevance of these factors was argued to Magistrate Judge Bulsara only on reconsideration. (D.E. # 71.))

Defendants contend that their explanation for the late disclosure was innocent and not in bad faith. But Magistrate Judge Bulsara noted that Defendants, rather than raise with the Court the alleged fact that they only recently had access to the reports, sought to provide these on the eve of an inapplicable discovery deadline, under the guise that they were permitted to do so. The innocent explanation Defendants attempt to offer for the late disclosure is that there was an oversight due to change in defense counsel, but that would be insufficient to permit this untimely disclosure. See Grabin v. Marymount Manhattan Coll., 659 F. App'x 7, 10 (2d Cir. 2016) (affirming exclusion of witness testimony that had been untimely disclosed where "[t]he only explanation for [the party's] failure to introduce testimony of a treating physician previously was her change of counsel").

As to the importance of the report, current defense counsel prepared a trial-ready JPTO that was filed on May 3, 2019. (D.E. # 60.) If the subject of Bawab and Woodhouse's testimony really is "of the utmost importance to this case," it would seem that defense counsel should have realized the hole in the case during the preparation of the May 2019 JPTO and attempted to obtain

its own experts on these issues. The failure to do so undermines the claim that these reports are central to the defense. And even if the report is as important as Defendants contend, "the great importance of the testimony only serves to underscore the inexcusable quality of its delayed submission." Morritt v. Stryker Corp., No. 07-CV-2319 RRM RER, 2011 WL 3876960, at *7 (E.D.N.Y. Sept. 1, 2011) (internal quotation marks and citation omitted) (excluding expert report on the basis of the other three Softel factors, despite its possible importance).

As to the prejudice to the opposing party from admitting these late reports, "the prejudice . . . would be severe, as discovery would have to be reopened to permit additional expert reports and depositions." Id. at *7 (internal quotation marks and citation omitted). Even if the prejudice could be mitigated through cost-shifting or extensions of time, opposing counsel would have to devote time and resources to addressing these new reports after understanding that discovery had closed. The further delays that would be necessary to mitigate the prejudice to the opposing party may themselves prejudice the opposing party as this litigation continues to drag on and on.

As to the possibility of a continuance, deadlines exist for a reason, and at a certain point a trial-ready case must in fact proceed to trial. This case is already over 3 years old. See id. ("Finally, the fact that discovery is closed and this case has been pending for over four years weighs strongly against the possibility of a continuance." (internal quotation marks omitted)). The fact that the final JPTO has not yet been filed is not persuasive. The final JPTO was supposed to have been the one that was filed in May 2019, but the parties failed to make any meaningful objections in that JPTO and for some reason still needed to depose the existing expert (Rickard). (D.E. # 60.) The Court ordered the parties to file a new final JPTO by September 13, 2019, (D.E. dated 7/15/2019), and had to prompt the parties on September 30 to advise it about why they had failed to comply with that deadline, (D.E. dated 9/30/2019). It was only during the continuance granted

13

in response to that inquiry that Defendants offered up the Bawab and Woodhouse exchanges. It is apparent that deadlines are being viewed by counsel in this case as suggestions, a state of affairs that cannot continue indefinitely. "[A]llowing deadlines to slip 'result[s] in the backup of other cases and eventual scheduling chaos as a series of bottlenecks builds.'" In re Bear Stearns Companies, Inc. Securities, Derivative, and ERISA Litigation, 263 F. Supp. 3d 446, 452 (S.D.N.Y. 2017) (second alteration in original) (quoting Softel, 118 F.3d at 962–63). The Court will not grant any further extensions.

The balance of all of the Softel factors therefore weighs against allowing these expert reports in the case at this late juncture.

## CONCLUSION

For the reasons stated above, Defendants' motion to set aside both Magistrate Judge Bulsara's order striking experts Bawab and Woodhouse and his order denying reconsideration is DENIED.

SO ORDERED.

Dated: January 8, 2020
Brooklyn, New York

Carol Bagley Amon
United States District Judge